NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARCO PALMERI, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 07-5706 (JAG) |
| v. | OPINION |
| LG ELECTRONICS USA, INC. et al., | |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss Counts I, IV, and V of Plaintiff's Complaint (Docket Entry No. 8), pursuant to FED. R. CIV. P. 12(b)(6), by Defendants LG Electronics USA, Inc. et al. ("Defendants" or "LG"). For the reasons stated below, Defendants' motion to dismiss shall be granted in part and denied in part. As to Counts IV and V, the motion to dismiss will be denied. As to Count I, the motion to dismiss will be granted. Count I will be dismissed without prejudice.

**I. BACKGROUND**

This case stems from Plaintiff's purchase of a refrigerator manufactured by Defendants. On November 29, 2007, Marco Palmeri ("Plaintiff"), on behalf of himself and all others similarly situated, filed a class action Complaint. In brief, Plaintiff alleges that: 1) the refrigerator dispensed water; 2) he had some of the water it dispensed tested by two laboratories; and 3) the

laboratories determined that the water contained high levels of toxic chemicals. Plaintiff's Complaint asserts five claims: 1) consumer fraud; 2) breach of express warranty; 3) breach of the implied warranty of merchantability; 4) strict product liability; and 5) unjust enrichment. On February 29, 2008, in lieu of an answer, Defendants filed the instant motion to dismiss.

## II. STANDARD OF REVIEW

### A. Motion To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974; see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements

exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.  ANALYSIS

**A.     Count I: consumer fraud**

LG asks that Count I be dismissed on two grounds: 1) as to its claim under the consumer protection laws of states other than New Jersey, Count I fails to satisfy the pleading requirements of Rule 8; and 2) as to the consumer fraud claim under the law of New Jersey, Count I fails to satisfy the particularity requirements of Rule 9(b).

LG contends that Count I is impermissibly overbroad in how it pleads claims for violations of consumer protection laws of states other than New Jersey.  This is correct.  The Complaint alleges no specific facts that plausibly suggest violations of consumer protection laws of states other than New Jersey.

In Bell Atlantic v. Twombly, the Supreme Court explained the pleading requirements of Rule 8: "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.  As to violations of consumer protection laws of states other than New Jersey, Count I does not meet this standard.  The facts alleged do not raise Plaintiff's right to relief under the consumer protection laws of the state of Hawaii, for example, even to the speculative level.  The "plain statement [must] possess enough heft to show that the pleader is entitled to relief."  Id. at 1966.  As to violations of consumer protection laws of states other than New Jersey, Plaintiff's factual allegations have no heft whatever.  This Court notes that Plaintiff's opposition brief cites the Twombly standard but does not contest LG's assertion that, as to the violations of consumer protection laws of states other than New Jersey, Count I  is overbroad.

As to the claim for violation of New Jersey's consumer protection law, Count I meets the

Twombly pleading standard, but LG contends that Count I fails to meet the particularity requirements of Rule 9(b). This is also correct.

In Count I, Plaintiff alleges violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2. FED. R. CIV. P. 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Count I states the circumstances constituting fraud only in general terms:

> In violation of these statutes, Defendant has affirmatively misrepresented and knowingly concealed, suppressed and failed to disclose material facts with the intent that others rely upon such concealment and deception in connection with its sale of the Defective Refrigerator Products.

(Compl. ¶ 44.)

Plaintiff fails to allege fraud with sufficient particularity. The purpose of Rule 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged." Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Count I fails to give LG notice of the precise fraudulent misconduct with which it is charged. Rule 9(b) "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)). "Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville, 742 F.2d at 791. Plaintiff has not done so.

In opposition, Plaintiff argues that it particularly stated its fraud allegations in these paragraphs of the Complaint:

> 22. For example, the Defendant claims that it is "improving food preservation," and "install the Premium Water Purification System to the

>       entire side-by-side refrigerator line to make drinking water safe and convenient for consumers."
>
> 23.   In conjunction with each sale, the Defendant marketed, advertised and warranted that the Defective Refrigerator Products were fit for the ordinary purpose for which such goods were used – safe consumption and use by consumers – and were free from defects, or at a minimum would not emit toxic and potentially carcinogenic organic compounds.

(Compl. ¶¶ 22-23.) These paragraphs, whether read separately or together, do not inject sufficient precision into the allegations of fraud. Paragraph 22 does not allege when, how, or to whom the claim of making drinking water safe was made. Paragraph 23 contains a general statement with no specific factual allegations. Under Rule 9(b), these allegations of fraud are not pled with sufficient particularity.

Count I will be dismissed, without prejudice, to allow Plaintiff to replead with the precision to his allegations of violations of the New Jersey consumer fraud law sufficient to meet the requirements of Rule 9(b). Plaintiff also must improve the "heft" under <u>Twombly</u> by averring factual allegations supporting violations of consumer protection laws of states other than New Jersey.

**B.     Count IV: strict product liability**

Defendants contend that Count IV, for strict product liability, must be dismissed because, under New Jersey law, a plaintiff may not maintain an action in strict liability for purely economic loss. In response, Plaintiff does not contest the choice of the law of New Jersey, but makes two arguments: 1) Count IV is not limited to purely economic loss; and 2) New Jersey law allows recovery under tort theories for claims for potential personal injuries.

Defendants' assertion that Count IV alleges only economic loss is unpersuasive. In Count

IV, Plaintiff makes this allegation of damages: "Plaintiff and the Class suffered actual damages, including without limitation the cost of the Defective Refrigerator Products." (Compl. ¶ 64.) In Brown v. SEPTA (In re Paoli R.R. Yard PCB Litig.), 113 F.3d 444, 463 (3d Cir. 1997), the Third Circuit construed the phrase "actual damages" and found the only limitation to be that the damages must exist in reality or fact. Thus, "actual" does not restrict "actual damages" to purely economic loss, and Defendants do not justify their restrictive interpretation of "actual damages." Furthermore, Count IV alleges – perhaps not in the clearest possible way, but clearly enough to discern – that the refrigerators produced contamination which presented a risk to Plaintiff's health. (Compl. ¶¶ 56, 57, 58, 63.)

Under New Jersey law, "the economic loss doctrine first articulated in Spring Motors Distributors, Inc. v. Ford Motor Co., 98 N.J. 555, 489 A.2d 660 (N.J. 1985), bars recovery of economic losses in a tort action." Paramount Aviation Corp. v. Gruppo Agusta, 288 F.3d 67, 70 (3d Cir. 2002).

"As a federal court sitting in diversity . . . we are to apply state law as interpreted by the state's highest court. In the absence of guidance from that court we are to refer to decisions of the state's intermediate appellate courts for assistance in determining how the highest court would rule." McKenna v. Pacific Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994).

The New Jersey Supreme Court has stated that "[a]n unresolved issue is whether the U.C.C. or tort law should apply when a defective product poses a serious risk to other property or persons, but has caused only economic loss to the product itself." Alloway v. General Marine Indus., L.P., 149 N.J. 620, 638 (1997). The Court quoted this comment in the Restatement of Torts: "[a] plausible argument can be made that products that are dangerous in these respects [i.e.

7

discovery of the defect prevented harm from occurring or the only harm was to the product itself, but not to persons or other property] rather than merely ineffectual, should be governed by the rules governing products liability law." Id. at 639 (1997) (quoting RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 21 cmt. d (Proposed Final Draft April 1, 1997)).  It is fair to read this dicta as indicating that the New Jersey Supreme Court finds it plausible that there could be a cause of action under product liability law for a dangerous product that did not harm others because discovery of the defect prevented it.  The parties do not dispute that the New Jersey Supreme Court has not yet resolved this issue.

In their reply brief, Defendants argue that two New Jersey appellate courts have resolved this question and closed the door on claims like Count IV, but this is unpersuasive.  First, in Goldson v. Carver Boat Corp., 309 N.J. Super. 384, 396 (N.J. Super. Ct. App. Div. 1998), the primary case on which Defendants rely, the court limited its holding on this question to the circumstances of the case before it.  Central to the court's decision not to allow recovery in tort was the fact that "the only damage caused by the defective product is to the product itself." Id. at 397.  Count IV alleges more than damage to the product itself: the product presents a risk of injury to people.  It is well-established that protection of people from dangerous products is the province of product liability law.  See, e.g., E. River S.S. Corp. v. Transamerica Delaval, 476 U.S. 858, 865 (1986) (product liability case involving tanker turbines).  Goldson does not hold to the contrary.

Second, Defendants point to Green v. G.M.C. and quote the statement, in dicta, that "[w]e hesitate to rule in a fashion that would require manufacturers to become indemnitors for potential injuries that may never materialize." 2003 WL 21730592 at *9 (N.J. Super. Ct. App. Div. 2003).

An intermediate court's statement of hesitancy, in dicta, does not give sufficient basis to conclude that a legal issue declared unresolved by the state's highest court has been resolved.

This Court concludes that: 1) Count IV does not allege solely economic loss and is not therefore barred by New Jersey's economic loss doctrine; and 2) New Jersey's highest court has not barred an action in tort when a defective product poses a serious risk to persons, and no New Jersey intermediate court has issued a decision which indicates that the New Jersey Supreme Court would rule otherwise. Defendants' motion to dismiss Count IV will be denied.

**C.     Count V: unjust enrichment**

Defendants make two arguments for dismissal of Count V, for unjust enrichment: 1) the claim fails to meet the pleading standards of Twombly; and 2) the existence of a contract precludes an unjust enrichment claim. Neither argument succeeds.

New Jersey courts recognize unjust enrichment as a quasi-contractual remedy: "Quasi-contractual liability rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." Weichert Co. Realtors v. Ryan, 128 N.J. 427, 437 (1992). "Courts generally allow recovery in quasi-contract when one party has conferred a benefit on another, and the circumstances are such that to deny recovery would be unjust." Id.

As to the Twombly standard, Defendants contend that Plaintiff has failed to plead sufficient facts to raise a right to relief above a speculative level. This is unpersuasive. As the New Jersey Supreme Court made clear in Weichert, Plaintiff need only allege facts sufficient to show: 1) Plaintiff conferred a benefit on Defendant; and 2) circumstances are such that to deny recovery would be unjust.

Count V is quite simple and straightforward. Plaintiff has alleged sufficient facts that

Defendants have fair notice of the factual allegations on which the claim is premised: 1) Plaintiff paid Defendants for a refrigerator that would not put toxic chemicals into his drinking water; 2) Defendants' refrigerator put toxic chemicals into Plaintiff's drinking water; and 3) retention of the payment would unjustly enrich Defendants.  Under Twombly, Plaintiff only needs to plead sufficient facts that the claim is plausible on its face.  Plaintiff has done so.

Defendants next argue that, under New Jersey law, the existence of a contract precludes an unjust enrichment claim.  No such bright-line rule exists; Defendants have misstated the law.  The only New Jersey Supreme Court authority Defendants offer is Moser v. Milner Hotels, Inc., 6 N.J. 278, 280 (1951).  In Moser, however, the Court held: "An implied contract cannot exist when there is an existing express contract about the identical subject."  Id.  At the pleading stage, this Court is not in a position to determine whether the implied contract underlying the unjust enrichment claim and the express contract are about the identical subject.  Nor have Defendants carried their Rule 12(b)(6) burden of showing that this is the case.

Unjust enrichment is an equitable remedy, and Defendants ask this Court to take a position inconsistent with the principles of equity jurisdiction.  The Supreme Court has observed "the established rule that implied restrictions on the power to do equity are disfavored." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 281 (1975).  By proposing a rule that would bar unjust enrichment claims in a contract case, Defendants here seek to imply such a disfavored restriction.  Furthermore, flexibility is one of the fundamental principles of equity: "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case.  Flexibility rather than rigidity has distinguished it."  Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944).  The bright-line rule

10

Defendants propose would restrict the use of unjust enrichment and deprive the Court of the flexibility that is essential to an equitable remedy.

Moreover, New Jersey Supreme Court cases abound that are inconsistent with such a bright-line rule. VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994), states: "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." The New Jersey Supreme Court both found an enforceable contract *and* contemplated the use of unjust enrichment as a remedy that supplemented contract remedies. If New Jersey law was as Defendants propose, this would not have been possible. This is clear as well in an earlier case cited by the VRG Court, St. Paul Fire & Marine Ins. Co. v. Indemnity Ins. Co., 32 N.J. 17, 23 (1960), in which the Court also considered the question of whether one party was entitled to an unjust enrichment remedy because the other party had been enriched beyond its contractual rights.

In its opposition, Plaintiff argues that he pled the unjust enrichment claim in the alternative to recovery on the contract. Defendants reply that Plaintiff is therefore seeking to amend the Complaint and must obtain leave of the Court to do so. As Plaintiff points out, the federal rules allow pleading in the alternative. FED. R. CIV. P. 8(d)(2) states: "A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Plaintiff has done so with Count V.

Moreover, this Court understands that unjust enrichment is, by its nature, an alternative remedy to contract and tort remedies. The Restatement, which treats the terms "restitution" and

11

"unjust enrichment" as synonymous,[1] states this fundamental principle: "It is a common feature of every transaction giving rise to a liability in restitution that a benefit has been conferred or obtained outside the consensual framework that would ordinarily govern both the transfer and any claim for compensation." RESTATEMENT OF THE LAW, THIRD, RESTITUTION AND UNJUST ENRICHMENT § 2 cmt. d (Discussion Draft, March 31, 2000). Claims for unjust enrichment are therefore always non-contractual. "[T]he law of restitution and unjust enrichment constitutes a system of benefit-based liability," in contrast to tort liability for harms or contract liability. Id. at cmt. a. It is inherent in a claim for unjust enrichment that it is pled in the alternative to a claim for recovery on the contract.

Defendants have failed to persuade this Court that Count V does not state a valid claim for relief. Defendants' motion to dismiss Count V will be denied.

## IV. **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss Counts I, IV, and V of Plaintiff's Complaint (Docket Entry No. 8), pursuant to FED. R. CIV. P. 12(b)(6), shall be granted in part and denied in part. As to Counts IV and V, the motion to dismiss will be denied. As to Count I, the motion to dismiss will be granted, and Count I will be dismissed, without prejudice. As to Count I only, Plaintiff will be granted leave to amend the Complaint with 45 days of the date of this Opinion.

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: July30, 2008

---

[1] See RESTATEMENT OF RESTITUTION § 1 (1937).